IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO MALDONADO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILL KEMPTON, in his capacity as Director of the California Department of Transportation,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 02-03167 CRB<br><br>**ORDER** |

　　　Now pending before the Court is plaintiff's motion for summary judgment of his constitutional facial challenge to certain provisions of the California Outdoor Advertising Act, Business & Professions Code § 5200 et seq. ("COAA" or "the Act"). After reading the parties' papers, the Court concluded that plaintiff is pursuing claims that have been dismissed from this lawsuit.

　　　Plaintiff owns a billboard adjacent to a "landscaped freeway" as defined by section 5216(a) of the Act. First Amended Complaint at ¶ 30. The Act prohibits all billboard advertising displays adjacent to landscaped freeways. Cal. Bus. & Prof. Code § 5440. However, the Act permits billboard advertisements for (1) the sale or lease of the property upon which the advertising display is placed; (2) to designate the name of the owner or occupant of the premises; (3) to identify the premises; (4) or to advertise goods or services

available on the premises ("on-premises" advertising). Cal. Bus. & Prof. Code § 5442.

The Court has previously ruled that the Act's distinction between on-premises and off-premises advertising is constitutional, and therefore dismissed plaintiff's challenge to the Act to the extent he claimed that distinction was unconstitutional. See Maldonado v. Kempton, No. C 02-3167 CRB (N.D. Cal. Oct. 25, 2005) (order granting in part defendant's motion to dismiss). Nonetheless, plaintiff's motion for summary judgment appears to reargue the issue. The Court, however, will not revisit the issue. The remaining issue is whether the Act prohibits all non-commercial speech, and if so, does this prohibition render the Act unconstitutional as it permits on-premises commercial speech.

The Court also previously ruled that plaintiff does not have standing to challenge the permit/license provisions of the Act (Cal. Bus. & Prof. Code Article 4 at §5300 et seq.; Cal. Bus. & Prof. Code Article 6 at § 5350 et seq.). See Maldonado v. Kempton, No. C 02-03167 CRB (N.D. Cal. N.D. Cal. Nov. 27, 2002). Plaintiff did not appeal this ruling, therefore it is the law of the case. See Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004) (noting that Maldonado did not challenge this Court's ruling that he lacked standing to challenge the provisions of the Act dealing with permits). Plaintiff's challenge to the permit/license provisions is dismissed and will not be considered by the Court.

The oral argument scheduled for January 27, 2006 is continued to 10:00 a.m. on February 17, 2006.

**IT IS SO ORDERED.**

Dated: January 20, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE